IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01118-WJM-MEH

B.S.M., individually and as next friend of K.L.M.

    Plaintiff,

v.

MAPLETON PUBLIC SCHOOLS,
MARY B. MCWILLIAMS,
ADAMS COUNTY, and
JOHN DOES 1–5,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court sua sponte after Plaintiff failed to appear at the November 1, 2018 hearing and did not respond to an order to show cause even after I granted him a thirty-day extension to do so. For the reasons that follow, I respectfully recommend that this case be **dismissed without prejudice**.

Plaintiff's counsel withdrew from this case due to medical problems. *See* ECF Nos. 52, 54, 56. On October 22, 2018, I issued a Minute Order that set a hearing on November 1, 2018, and directed Plaintiff B.S.M. "to participate and to advise this Court whether he intends to proceed pro se, engage another attorney, or dismiss the case without prejudice." ECF No. 54. The Order also cautioned that "[i]f Plaintiff does not appear, I will recommend that the case be dismissed for failure to prosecute." *Id.* Plaintiff did not appear even though his former counsel certified that he provided Plaintiff with notice of the hearing via U.S. mail and e-mail. *See* ECF No. 55. During the hearing,

the Court was unable to contact Plaintiff because his name and contact information were not on file. Following the hearing, the Court asked for and received the necessary contact information from Plaintiff's former counsel via e-mail. That information has been filed under seal at Restriction Level 3 and is accessible only to the Court. *See* ECF No. 61. On November 1, 2018, I issued an Order Directing Plaintiff to Show Cause for Failure to Appear. *See* ECF No. 62.

After considering Plaintiff's Response and Request for Extension of Time to Show Cause for Failure to Appear, *see* ECF No. 65, I issued a Minute Order granting Plaintiff until December 17, 2018, to respond to the show cause order. Plaintiff has failed to respond to the show cause order or otherwise demonstrate why this case should not be dismissed for failure to prosecute. Therefore, dismissal without prejudice of Plaintiff B.S.M.'s claims is warranted.

Additionally, Plaintiff B.S.M. may not allege claims on behalf of his minor daughter. A pro se litigant may not represent another pro se litigant in federal court. *See* 28 U.S.C. § 1654. Further, Plaintiff lacks standing to represent his minor child in this action. *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam). "[U]nder Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." *Id.*; *accord Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party and guard the judiciary's authority to govern those who practice in its courtrooms. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011); *cf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007) (holding that parents are entitled to prosecute IDEA claims on their own behalf, but expressly not reaching issue of whether IDEA "entitles [non-attorney] parents to litigate their child's

claims *pro se*"); *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1244 (10th Cir. 2009). Plaintiff B.S.M. is not represented by an attorney. Therefore, he may not represent his minor child in this action. Accordingly, dismissal without prejudice of any claims purportedly alleged by the minor child is warranted.

Based on the reasoning set forth above and on Fed. R. Civ. P. 41(b), I respectfully **recommend** that the District Court **dismiss the case without prejudice**.[1]

Dated this the 2nd day of January, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).